UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PATRICE KELLEY                    :        CIVIL ACTION NO.

                                  :

VERSUS                            :        JUDGE

                                  :

ALBERTSON'S, LLC                  :        MAGISTRATE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>NOTICE OF REMOVAL</u>

Defendant, ALBERTSONS COMPANIES, INC. ("Albertsons"), by and through undersigned counsel, hereby gives notice of the removal of this action from the 21st Judicial District Court, for the Parish of Tangipahoa, Louisiana, to the United States District Court for the Middle District of Louisiana. In support of its Notice of Removal, Defendant states as follows:

1.      This action was originally commenced by Patrice Kelly, on December 29, 2021, through the filing of a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, captioned *Patrice Kelly v. Albertson's, LLC,* and assigned Docket No. 2021-3522.

2.      Albertsons Companies, Inc. was served with plaintiff's Petition for Damages on or about January 19, 2022.

3.      The United States District Court for the Middle District of Louisiana is the court embracing the place wherein such action is pending in state court.

4.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  Plaintiff provided a settlement demand to Albertsons on February 17, 2022 which for the first time claimed an amount in controversy in excess of $75,000. *See* Exhibit B, *Settlement Demand.* Claimed medical specials total $18,339.34, and the demand was for $118,566.41. Thus, this claim meets the amount in controversy for purposes of 28 U.S.C. § 1332.

6.  This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Diversity of Citizenship

7.  This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.  Plaintiff, Patrice Kelly, is a person of the full age of majority domiciled in the Parish of Tangipahoa, State of Louisiana. *See Petition for Damages* at p. 1, attached as Exhibit A.

9.  At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Albertsons Companies, Inc., was and is incorporated under the laws of Delaware, with its principal place of business in Boise, Idaho.

10. Complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiff and defendant.

**Amount in Controversy**

11.    Louisiana Code of Civil Procedure Article 893A.(1) articulates the following

requirements for the pleading of monetary damages:

> the prayer for relief shall be for such damages as are reasonable in the
> premises except that if a specific amount of damages is necessary to
> establish . . . the lack of jurisdiction of federal courts due to
> insufficiency of damages, . . . a general allegation that the claim
> exceeds or is less than the requisite amount is required.

12.    As a result, Article 893 requires plaintiff to generally state that the claim is less than

the jurisdictional amount in order to establish a lack of federal jurisdiction.

Plaintiff's Petition did not include such a statement.  *See Exhibit A.*   On February

17, 2022, plaintiff provided a demand to defendant which showed $18,339.34 in

medical expenses.  The demand was for $118,566.41. *See Exhibit B.*   Plaintiff

claims low back pain with radiculitis and treated with epidural steroid injections.

MRI test reports show a central disc extrusion at L5-S1.   Though Albertsons

expressly denies the amount demanded and reserves all defenses, the allegation

satisfies the amount in controversy question for purposes of removal.

13.    The settlement demand issued by plaintiff constitutes "other paper" under 28 U.S.C.

§ 1446(b)(2)(C) which renders this case removable.

14.    This pleading is filed within 30 days of notice that the amount in controversy meets

the minimum threshold to maintain diversity jurisdiction.   Therefore 28 U.S.C. §

1446(b), this removal is timely.

## Removal

15.    As shown above, this civil action is one in which this Court has original jurisdiction

pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different

states where the amount in controversy exceeds the sum of $75,000, exclusive of

interest and costs.   Therefore, this action may be removed pursuant to 28 U.S.C. §

1441.

16.    Pursuant to 28 U.S.C. § 1446(d), Plaintiff, Patrice Kelly, is being provided with a

copy of this Notice of Removal and a copy is also being filed with the Clerk of the

21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

17.    The removing defendant attaches a copy of all process, pleadings, and orders served

upon them at the time of removal.[1]

18.    Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall

occur in this matter in the 21st Judicial District Court for the Parish of Tangipahoa,

State of Louisiana.

19.    Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel

certifies reading the foregoing Notice of Removal, that to the best of their

knowledge, information and belief formed after reasonable inquiry, it is well-

grounded in fact and is warranted by existing law or a good faith argument for the

---

[1]   28 U.S.C. §1446(a).

extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

20.    By filing this Notice of Removal, the removing defendant does not waive, and hereby reserve all defenses and objections to the Plaintiff's Petition for Damages.

WHEREFORE, ALBERTSONS COMPANIES, INC., respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

RESPECTFULLY SUBMITTED,

BY:    s/ John P. Wolff, III
JOHN P. WOLFF, III, BAR #14504
TORI S. BOWLING, Bar #30058
BRANDI A. BARZE, Bar # 38488
**KEOGH COX & WILSON, LTD**
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Telecopier: (225) 343-9612
Email: jwolff@keoghcox.com
        tbowling@keoghcox.com
        bbarze@keoghcox.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 10th day of March, 2022.

s/ John P. Wolff, III
JOHN P. WOLFF, III
